781 F.2d 314
 3 Fed.R.Serv.3d 1414, 12 Soc.Sec.Rep.Ser. 150,
Unempl.Ins.Rep. CCH 16,555
 Dorothy ELLENDER, Angela Zamski, James Trowbridge, Lois W.
Brunjes, and Verley Smith, individually and on
behalf of all others similarly situated,
Plaintiffs- Appellees,
v.
Richard W. SCHWEIKER, Margaret M. Heckler, as Secretary of
the Department of Health and Human Services, John Svahn, and
Martha McSteen, individually and as Commissioner of the
Social Security Administration, Defendants-Appellants.
 Docket No. 85-6274.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 12, 1985.
Decided Jan. 15, 1986.
 
 Toby Golick, New York City (Cardozo Bet Tzedek Legal Services, New York City, Joan Mangones, Lester Helfman, The Legal Aid Society, Staten Island, N.Y., John E. Kirklin, Nancy Morawetz, The Legal Aid Society, New York City, on brief), for plaintiffs-appellees.
 Steven E. Obus, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Jane E. Booth, Asst. U.S. Atty., New York City, on brief), for defendants-appellants.
 Before TIMBERS, KEARSE and PRATT, Circuit Judges.
 KEARSE, Circuit Judge.
 
 
 1
 Plaintiffs-appellees Dorothy Ellender, et al., in this action brought to challenge certain practices of defendants-appellants Richard W. Schweiker, as Secretary of the Department of Health and Human Services, et al. (collectively the "Secretary"), have moved to dismiss the Secretary's appeal insofar as it seeks review of a decision of the district court, Irving Ben Cooper, Judge, reported at 575 F.Supp. 590 (S.D.N.Y. 1983). Plaintiffs contend that a final judgment was entered in the action no later than January 4, 1985, that no notice of appeal was filed by the Secretary until more than 60 days thereafter, and that this Court thus lacks jurisdiction of the present appeal insofar as it seeks review of that final judgment or any prior order. We agree and grant the motion.
 
 BACKGROUND
 
 2
 Plaintiffs commenced this action in 1982 to challenge a program of the Secretary to recover alleged overpayments of supplemental security income ("SSI") benefits from certain former SSI recipients. They contended that the recovery program was unlawful and that the notices sent by the government were constitutionally deficient, and they sought declaratory and injunctive relief, money damages, and attorneys' fees. Plaintiffs successfully moved for partial summary judgment, and on November 17, 1983, Judge Cooper entered a memorandum and order that permanently enjoined the challenged practices ("November 1983 Order"). The Secretary, who earlier had been temporarily restrained from continuing the challenged practices, complied with the November 1983 Order. The Secretary made no attempt to obtain immediate appellate review of that order.
 
 
 3
 The November 1983 Order left outstanding claims by plaintiffs for monetary relief and attorneys' fees. Plaintiffs promptly moved for an award of fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d) (1982). The court granted the motion in part in April 1984 and directed the parties to negotiate the amount of fees to be paid. The parties reached agreement on amount, and a stipulation was so-ordered by the court in July 1984. Assistant United States Attorney Steven Obus then informed plaintiffs' counsel that no payment of the agreed fees would be made prior to entry of a judgment ordering such payment. Plaintiffs' counsel pointed out that plaintiffs still had individual damage claims outstanding but advised Obus that she did not believe plaintiffs would pursue these claims. Thereafter, the parties stipulated that all of plaintiffs' remaining claims would be discontinued and dismissed, and this stipulation was so-ordered and entered on December 19, 1984 ("December 1984 Order").
 
 
 4
 Plaintiffs then conferred with the clerk of the court in an attempt to have a judgment entered ordering the Secretary to pay the agreed-upon fees. After plaintiffs had submitted to the clerk the court's opinion awarding fees, the so-ordered stipulation as to amount, and a judgment form in accordance with the Appendix of Forms annexed to the Federal Rules of Civil Procedure, these papers apparently were submitted to Judge Cooper, who signed a judgment dated January 4, 1985 ("Judgment"), which read as follows:
 
 
 5
 Upon the annexed opinion and order of the Court entered April 12, 1984 and the annexed stipulation and order entered July 20, 1984 it is
 
 
 6
 Adjudged that the plaintiffs' counsel do have and recover of the defendants the sum of $40,734.30.
 
 
 7
 Judge Cooper sent the Judgment to the clerk of the court, accompanied by a memorandum that read as follows:
 
 
 8
 This judgment closes this case. If for any reason this action cannot be closed, please advise Chambers immediately by calling Law Clerk at Ext. 0972. Thank you.
 
 
 9
 The clerk noted in the civil docket for January 3, 1985, the entry of a "JUDGMENT" and described the substance of the Judgment. The docket entries contain the further notation "m/c", which is the clerk's abbreviation for "mailed copies", indicating that copies of the Judgment were mailed to counsel for the parties. The New York Law Journal for January 8, 1985, contained a notice that an order had been signed in this case.
 
 
 10
 The government attorneys, however, apparently did not become aware of the entry of the January 4, 1985 Judgment until March 8, 1985, some 64 days after the date of its entry. On March 28, the Secretary moved pursuant to Fed.R.Civ.P. 60(b) for vacation of the January 4 Judgment and for entry of a new judgment that would expressly mention, inter alia, each of the dispositions made of plaintiffs' claims. The court denied the motion to vacate on July 19, 1985, and eventually denied the motion for entry of a new judgment as proposed by the Secretary. On September 17, 1985, the Secretary filed the present notice of appeal, seeking review of, inter alia, the November 1983 Order and the July 1985 denial of the motion to vacate the January 4, 1985 Judgment.
 
 
 11
 Plaintiffs contend that the final judgment in the action was the December 1984 Order, since that disposed of all outstanding claims that were not collateral to the merits of the case, or, alternatively, that the January 4, 1985 Judgment was the final judgment. In either event, plaintiffs contend that this Court has no jurisdiction to entertain the Secretary's challenge to the November 1983 Order since no notice of appeal was filed until September 1985. While the December 1984 Order technically may not meet the requirements for a final judgment, we conclude that the January 4, 1985 Judgment was a final judgment. As that Judgment was entered more than 60 days prior to the Secretary's filing of his notice of appeal, we agree with plaintiffs that we lack jurisdiction to entertain an appeal challenging the Judgment or any orders that preceded it.
 
 DISCUSSION
 
 12
 Section 1291 of 28 U.S.C. provides that the courts of appeals have jurisdiction of appeals from all final decisions of the district courts. In a civil case in which an officer or agency of the United States is a party, any appeal from a final judgment must be brought within 60 days after entry of such judgment. Fed.R.App.P. 4(a). If notice of appeal is not filed within the time specified by Fed.R.App.P. 4, the court of appeals lacks jurisdiction to hear the appeal. Browder v. Director, Department of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); In re Cosmopolitan Aviation Corp., 763 F.2d 507, 514 (2d Cir.1985). The questions on this motion are whether either the December Order or the January 4, 1985 Judgment was a "judgment" within the meaning of Fed.R.Civ.P. 58, and if either was, whether it was a "final" judgment within the meaning of Sec. 1291.
 
 
 13
 Rule 58 requires that every judgment be set forth on a separate document, and it provides that a judgment is not effective unless entered as provided in Fed.R.Civ.P. 79(a). Rule 79(a) provides, in pertinent part, that the clerk of the court is to enter a judgment in the civil docket for the case, briefly showing its substance and date of entry. The purpose of these requirements is to enable a party to know when the court regards the case as closed and intends that no further action be taken, and thus to know when the time to appeal has commenced to run. Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-86, 98 S.Ct. 1117, 1119-21, 55 L.Ed.2d 357 (1978) (per curiam); Leonhard v. United States, 633 F.2d 599, 611 (2d Cir.1980), cert. denied, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981).
 
 
 14
 The December 1984 Order, which disposed of the last of the noncollateral claims in the case, could properly have led to the entry of a final judgment. See White v. New Hampshire Department of Employment Security, 455 U.S. 445, 452 n. 14, 102 S.Ct. 1162, 1167 n. 14, 71 L.Ed.2d 325 (1982) (judgment disposing of all claims except statutory entitlement to attorneys' fees is final for purposes of appealability). It is unclear, however, whether the December 1984 Order itself should be considered a judgment in compliance with Rule 58, since the court's order was merely endorsed on a stipulation and was not set forth in a separate document. We are inclined to believe that the December 1984 Order did not meet the requirements of Rule 58.
 
 
 15
 The January 4, 1985 Judgment, however, met all of the requirements of Rules 58 and 79(a). It was set out in a separate document, and its contents were summarized in the clerk's docket for the case. It thus was a "judgment" within the meaning of the Rules.
 
 
 16
 When a judgment has been so set forth and docketed, the question remains whether or not it was final within the meaning of 28 U.S.C. Sec. 1291. The teaching of the Supreme Court is that the determining factor is "whether the district court intended the judgment to represent the final decision in the case." Bankers Trust Co. v. Mallis, 435 U.S. at 385 n. 6, 98 S.Ct. at 1120 n. 6.
 
 
 17
 In the present case we have little difficulty in concluding that the district court intended the January 4, 1985 Judgment to be the final decision in the case. The memorandum sent by Judge Cooper to the clerk with the Judgment stated precisely that the accompanying Judgment "close[d] this case." This was consistent with the events that had preceded it: The November 1983 Order had disposed of the main claims in the case; the April 1984 opinion and the July 1984 so-ordered stipulation as to the award and amount of fees, respectively, had resolved all issues as to fees; and the December 1984 Order had discontinued all of the remaining claims. There was nothing left for the court to do. Its accompanying memorandum accordingly stated explicitly that the Judgment closed the case. Nothing more was required to imbue the January 4, 1985 Judgment with finality.
 
 
 18
 In opposition to the present motion, the Secretary argues, inter alia, that the January 4, 1985 Judgment was merely a collateral order disposing only of the matter of attorneys' fees, that it was entered in violation of Fed.R.Civ.P. 54(b), and that no final judgment ever was entered. None of the Secretary's arguments has merit.
 
 
 19
 It is true that an award of attorneys' fees pursuant to a statutory provision allowing such an award is considered to be collateral to the merits of the case and that a judgment disposing of the merits may be a final judgment for purposes of Sec. 1291 although the matter of fees remains outstanding. See White v. New Hampshire Department of Employment Security, 455 U.S. at 452 n. 14, 102 S.Ct. at 1167 n. 14. We see no reason, however, why an award of fees may not be made prior to or simultaneously with the entry of final judgment. See H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18 (1980), reprinted in 1980 U.S.Code Cong. & Ad.News 4984, 4997 (requirement of Sec. 2412(d)(1)(B) that party seeking an award of fees apply to court within 30 days of final judgment "should not be construed to require a final judgment on the merits before a court may award fees"). When all issues as to the merits have been decided and a judgment is entered by which the court clearly intends to close the case, i.e., to enter a final judgment, the fact that that judgment disposes of the matter of fees does not make the judgment less final.
 
 
 20
 Nor does Rule 54(b) have any bearing on the finality of the January 1985 Judgment. That Rule requires that when an order of the court has disposed of fewer than all of the claims in the case or has determined the rights of fewer than all of the parties, leaving other rights to be determined, the order is not appealable absent a certification by the court that there is no just reason for delay in the entry of a final judgment as to that portion of the case that has been finally adjudicated. The Rule has no application to an order that finally disposes of the last remaining issue in the case and that is expressly intended by the court to close the case. See 6 Moore's Federal Practice p 54.27, at 334 (2d ed. 1985) ("[T]he Rule does not contemplate a certificate when the district court has adjudicated all the claims ....") (emphasis in original); id. p 54.34, at 522-23 ("When the court has fully adjudicated all of the claims no certificate is necessary to make that adjudication final.").
 
 
 21
 In arguing that no final judgment ever was entered, the Secretary relies principally on a statement made by Judge Cooper in his order dated July 15, 1985, denying the Secretary's Rule 60(b) motion to vacate the January 4, 1985 Judgment, that "a formal judgment was never entered after our November 17, 1983 opinion." We suspect that by this, Judge Cooper meant that a separate document formalizing the terms of the November 1983 Order was never entered. One cannot reasonably conclude, however, that no final judgment in the case was ever entered, given the court's explicit statement to the clerk, accompanying the January 4, 1985 Judgment, that that Judgment closed the case. While we would normally expect that the final judgment in an action would at least mention the permanent relief granted by the court, and this would be the better practice when no other document has been entered as a separate order setting forth the terms of such relief, we find no requirement in the Federal Rules of Civil Procedure that the document that constitutes the final judgment in a case be comprehensive. The dispositive fact in the present case is that the record reveals that the district court "intended the [J]udgment to represent the final decision in the case." Bankers Trust Co. v. Mallis, 435 U.S. at 385 n. 6, 98 S.Ct. at 1120 n. 6.
 
 
 22
 The Secretary does not contend that there were any issues remaining to be adjudicated after December 1984, and we have little doubt that if the government attorneys had followed up on the notice published in the New York Law Journal on January 8, 1985, or had read the January 4 Judgment and the court's memorandum that accompanied it, they could not have failed to recognize that the final judgment in the case had been entered. Their failure to become aware that such a judgment has been entered does not lessen the judgment's finality.
 
 
 23
 Whether, because of his failure to become aware of the entry of a final judgment, the Secretary is entitled to relief from the Judgment is a matter properly dealt with in a motion pursuant to Rule 60(b). The district court denied the Secretary's Rule 60(b) motion, and the Secretary's appeal from that ruling, notice of which was filed within 60 days of the denial, is properly before this Court. The challenge to the Rule 60(b) decision will be heard by a panel in due course, and we express no view as to its merits.
 
 CONCLUSION
 
 24
 Plaintiffs' motion to dismiss so much of the Secretary's appeal as seeks review of orders or judgments entered more than 60 days prior to the filing of the present notice of appeal is granted.