Tyrone HOUSTON, Petitioner–
Appellant,

v.

Charles GREINER, Respondent–
Appellee.

Docket No. 99–2146

United States Court of Appeals,
Second Circuit.

Submitted April 7, 1999.

Decided April 23, 1999.

Tyrone Houston, Rome, N.Y., submitted *pro se* papers.

Before: NEWMAN, LEVAL, and SOTOMAYOR, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This *sua sponte* dismissal of an untimely appeal merits an opinion to alert the bar to inconsistencies in court docketing practices that, if not understood, might result in some uncertainty concerning the date from which the strict time limits for filing a notice of appeal begin to run. The point to be understood is that the date of entry of a civil judgment on the clerk's docket, the event that starts the time for appeal, is often not explicitly shown on a docket sheet but in fact is the same date shown on the docket sheet as the filing date, unless a later entry date is explicitly shown.

Tyrone Houston, an incarcerated state prisoner, appeals from a judgment of the United States District Court for the Eastern District of New York (Frederick Block, District Judge) dismissing his habeas corpus petition, filed under 28 U.S.C. § 2254, challenging a state court conviction. The judgment was *dated* October 16, 1998, *filed* October 19, 1998, and *entered on the docket* October 19, 1998. Appellant filed his notice of appeal on March 1, 1999. The notice of appeal was filed more than four months after the date of entry, well beyond the 30–day period prescribed for civil appeals. *See* 28 U.S.C. § 2107(a) (30–day period from date of entry for notice of appeal in civil cases in which United States

not a party); Fed. R.App. P. 4(a)(1) (same). The notice was plainly untimely, even if a few days are allowed in recognition of the interval between the date the *pro se* prisoner handed his notice of appeal to prison authorities for mailing and the date of filing of the notice in the District Court. *See Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).[1]

▆ Because the time limits for filing a notice of appeal are jurisdictional, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), we dismiss the appeal *sua sponte* for lack of appellate jurisdiction.

In inspecting the docket sheet, however, we note that the docket entry recording the judgment does not reveal an explicit notation of the date the judgment was *entered* on the docket of the Clerk's Office of the District Court. Before considering whether that circumstance has significance, we set forth the basics of this somewhat arcane area of court procedure.

The time for filing a notice of appeal from a final judgment or order runs from the date the judgment or order "is entered." *See* Fed. R.App. 4(a)(1)(A) (civil cases); *id.* 4(b)(1)(A) (criminal cases, unless the Government files a notice of appeal); Sup.Ct. R. 13(1) (petition to Supreme Court seeking writ of certiorari); *Kanematsu–Gosho, Ltd. v. M/T Messiniaki Aigli*, 805 F.2d 47, 48 (2d Cir.1986) (judgment); *Yaretsky v. Blum*, 592 F.2d 65, 66 (2d Cir.1979) (post-trial orders).[2]

"Entry of judgment," which is required by Fed.R.Civ.P. 58, is the act of recording in a docket maintained by the clerk of a court the fact that a judgment has been rendered. *See* Fed.R.Civ.P. 79(a). The "entry" date is not necessarily the same date that the judgment is dated, *i.e.*, signed by the judge or court clerk, nor the same date that it is filed, *i.e.*, date and time-stamped as officially received by the clerk's office, thereby then formally becoming part of the clerk's office file. *See Weedon v. Gaden*, 419 F.2d 303, 305–06 (D.C.Cir.1969). *See generally* Michael Zachary, *Rules 58 and 79(a) of the Federal Rules of Civil Procedure: Appellate Jurisdiction and the Separate Judgment and Docket Entry Requirements*, 40 N.Y.L. Sch. L.Rev. 409 (1996).

Every docket entry shows, in the left-hand column of the docket sheet, the date that the document being entered on the docket was *filed*. The docket entry then states the general nature of the document being entered, including, in the case of a judgment, the "substance" of the judgment. *See* Fed.R.Civ.P. 79(a). Some, *but not all*, docket entries include a notation that explicitly shows the date the document was *entered*. This appears as a bracketed phrase, for example, "[Entry date 04/01/99]" or "[EOD 4/1/99]."[3]

▆ We are informed that the computer program used in district courts for making docket entries in *civil* cases is designed to show an explicit notation of an entry date *only when the entry date is later than the*

---

1. The 30–day period for filing the notice of appeal was not tolled by appellant's motion for reconsideration, which was filed substantially later than the 10–day period prescribed for motions that will toll the time for filing a notice of appeal. *See* Fed. R.App. P. 4(a)(4)(A).

2. The entry date also starts the ten-day period for filing various motions, *see, e.g.*, Fed. R.Civ.P. 50(b) (motion for judgment as a matter of law); *id.* Rule 52(b) (motion to amend findings); *id.* Rule 59(b) (motion for new trial); *id.* Rule 59(e) (motion to alter or amend judgment), and other procedurally sig-

nificant time periods, *see, e.g., id.* Rule 54(d)(2)(B) (14 days for motion for attorney's fees); *id.* Rule 60(b) (a "reasonable time" not exceeding one year for relief from judgment because of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud).

3. For some docketed items, an entry appears in the form "[Edit date 04/01/99]." This notation reflects the date on which the docketing clerk made a correction, usually minor, in the docket entry.

*filing date.* The generation of this notation is explained in the margin.[4] Whenever the entry date for a document docketed in a civil case is the same as the filing date, the docket sheet does not show an explicit notation of an entry date. The person reading the docket sheet is supposed to infer that the absence of an explicit notation of an entry date means that the document, *e.g.*, the judgment, was entered on the filing·date shown in the left-hand column of the docket sheet. The reader will of course know, from seeing the docket entry reflecting the judgment, that the judgment was entered on the docket, but might not always appreciate that the unexpressed entry date is the same as the filing date, in the absence of an explicit notation of an entry date.

This absence of an explicit entry date arguably violates Rule 79, which states, "The entry of an order or judgment shall show the date the entry is made." The absence might also mislead those not aware of docketing practices. Since for all items docketed *after* the filing date an explicit notation of an entry date is shown, a docket sheet reader might well wonder what the entry date was for an item that bears no explicit notation of an entry date.

The uncertainty might be increased by the inexplicable variation among the docketing programs for civil district court cases, criminal district court cases, and appeals. Unlike the *civil* district court docketing system discussed above, the computer program for district court *criminal* cases always shows an explicit notation for the entry date of a judgment or order, whether entry occurs on the same date as filing or on a later date. The computer program for *courts of appeals* dockets omits an explicit entry date for judgments of a court of appeals, both for judgments entered the same date as the filing date or on a later date.[5] For *bankruptcy court* dockets, the computer program has another variation: the program offers each clerk's office the local option of adjusting the program either to reflect an explicit notation of the entry date of a judgment in all cases, or to do so only when the entry date is later than the filing date.

Aware of the potentially misleading omission of an explicit notation of an entry date for a civil judgment entered the same day as the filing date, the Clerk's Office of the United States District Court for the Southern District of New York has instructed docketing clerks to input manually the entry date in all instances where a civil judgment is entered the same day as the filing date. That notation is in the form, "[EOD 4/1/99]," meaning "entered on docket."

It would be helpful if those with responsibility for designing computer docketing programs would modify them so that for both civil and criminal judgments in all courts, a date as significant as the date a judgment is entered is explicitly shown on

---

4.  Docketing clerks make docket entries using computers and software designed for expediting the docketing process. The software is known as the Integrated Case Management System (ICMS). The clerks input various codes that automatically cause notations to be made, supplementing these notations with text entries where appropriate. For example, and pertinent to our immediate concern, whenever a docketing clerk begins to make a docket entry, the ICMS program automatically shows on the clerk's computer screen the current date; if the clerk is docketing a document one or more days after that document was filed, the clerk corrects the date that the computer displays and inputs the earlier filing date. The filing date (whether the current or the corrected date) will appear in the left-hand column of the printed docket sheet, preceding the particular docket entry. In those instances where the clerk has corrected the filing date to reflect that the document was filed one or more days before the docket entry is made, the ICMS program automatically generates a notation in the form, for example, "[Entry date 04/02/99]" to indicate the date on which the entry is being made.

5.  Internal records of a clerk's office of a court of appeals enable docketing clerks to ascertain the date a judgment was entered. In the Second Circuit, judgments of the Court of Appeals are almost always entered on the docket the same date the judgment is filed.

a docket sheet, whether the judgment is entered the same date that it is filed or on a later date. Until this occurs, either through modification of existing computer docketing programs, or completion of new ones currently being prepared, clerk's offices might consider following the helpful practice of the Southern District and instructing docketing clerks to input the entry date of a judgment manually and cause it to be shown on the docket sheet in all instances where the entry date is the same as the filing date (unless, as in criminal district court cases, the computer program now generates an explicit notation in such circumstances).

Since in the pending case the notice of appeal was filed long after the jurisdictional time limit, we need not consider whether legitimate uncertainty about the precise entry date of the judgment would ever warrant any relief. Cf. *Ellender v. Schweiker,* 781 F.2d 314, 318 (2d Cir.1986) (failure of party to become aware of entry of judgment does not "lessen the judgment's finality").

The appeal is dismissed.