**Mary Yialouris PAPASMIRIS,**
**Plaintiff–Appellant,**

v.

**DISTRICT 20 OF the NEW YORK CITY DEP'T OF ED., et al.,**
**Defendants–Appellees.**

**No. 07–1432–cv.**

United States Court of Appeals,
Second Circuit.

Nov. 10, 2008.

Mitchell L. Perry, Bronx, NY, for Appellant.

Edward F.X. Hart (Michael A. Cardozo, Corporation Counsel, and Marta Ross on the brief), Corporation Counsel of the City of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges, and JOHN GLEESON, District Judge.[1]

### SUMMARY ORDER

Plaintiff Mary Yialouris Papasmiris appeals from an Order of the District Court, entered on September 9, 2006, 2006 WL 2583019, granting summary judgment for defendants and dismissing plaintiff's claims that defendants discriminated against her because of her age and retaliated against her in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").[2] On ap-

---

1. The Hon. John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

2. We note that although a final judgment has not been entered on the docket, it appears that this is a result of clerical oversight rather than the presence of any unresolved questions. In light of the fact that the docket for this case has been marked "closed," we con-

clude that the District Court's September 9, 2006 Order dismissing the complaints of 18 out of 19 plaintiffs in this matter, including the appellant, was "final" for purpose of appealability under 28 U.S.C. § 1291. See El-lender v. Schweiker, 781 F.2d 314, 318 (2d Cir.1986) (concluding that judgment was "final" where a district court's rulings manifested an intent to close the case); see also Vona v. County of Niagara, 119 F.3d 201, 206 (2d

peal, plaintiff argues that the District Court erred in not crediting her assertions that negative performance reviews (a) were a pretext for discrimination based on plaintiff's age, and (b) were issued in retaliation for filing an Equal Employment Opportunity Commission ("EEOC") complaint. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review the District Court's grant of summary judgment *de novo.*" *Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Regarding plaintiff's age discrimination claim, defendants submitted evidence demonstrating legitimate, non-pretextual reasons supporting plaintiff's termination. This evidence includes letters from parents complaining that plaintiff had behaved inappropriately on a school trip to Baltimore, and several evaluations by a school principal citing multiple instances of misconduct by plaintiff, *e.g.,* raising her voice to a student, remaining in the school building with her class during a fire drill, writing letters to parents during class, not providing adequate classroom instruction, and filling out report cards during class. The school principal twice evaluated plaintiff's job performance as "unsatisfactory," once having changed a prior evaluation in light of an investigation of the field trip to Baltimore. After plaintiff transferred to another school, she continued to receive multiple "unsatisfactory" evaluations based on classroom observations. Confronted with this evidence, plaintiff insists that the true reason for her negative performance reviews was age discrimination. Under these circumstances, the District Court properly concluded that plaintiff's inability "to come forward with any evidence" suggesting that age was a factor in her poor performance evaluations is adequate grounds for summary judgment in favor of defendants. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (outlining "burden shifting" in a workplace discrimination claim brought under Title VII of the Civil Rights Act of 1964).

■ Regarding plaintiff's claim of retaliation, the District Court found that plaintiff began receiving negative performance evaluations prior to filing an EEOC claim on September 26, 2002. We note that plaintiff's EEOC claim followed several newspaper articles reporting that other teachers, including co-plaintiffs in this litigation, had alleged age discrimination against the School District Superintendent, Vincent Grippo. Under these circumstances, we agree with the District Court that "gradual adverse job actions [that] began well before the plaintiff had ever engaged in any protected activity" do not give rise to an inference of retaliation. *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 95 (2d Cir.2001).

For the foregoing reasons and the reasons stated by the District Court in its Order of September 9, 2006, we **AFFIRM.**

---

Cir.1997) (noting that a docket was marked "closed" in its consideration of finality absent

a final judgment entry on the docket).