Debora MAUSKOPF, Plaintiff–
Appellant,

v.

DISTRICT 20 OF the NEW YORK
CITY DEP'T OF ED., et al.,
Defendants–Appellees.

No. 06–5832–cv.

United States Court of Appeals,
Second Circuit.

Nov. 10, 2008.

Edward H. Wolf, Bronx, NY, for Appellant.

Janet L. Zaleon (Michael A. Cardozo, Corporation Counsel, and Kristin M. Helmers on the brief), Corporation Counsel of the City of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, JOHN GLEESON, District Judge.[1]

### SUMMARY ORDER

Plaintiff Debora Mauskopf appeals from an Order of the District Court, entered on September 9, 2006, 2006 WL 2583019, granting summary judgment for defendants and dismissing plaintiff's claims that defendants discriminated against her because of her age and retaliated against her in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA")?[2] On appeal, plaintiff argues that the District Court erred in not credit-

---

**1.** The Hon. John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

**2.** We note that although a final judgment has not been entered on the docket, it appears that this is a result of clerical oversight rather than the presence of any unresolved questions. In light of the fact that the docket for this case has been marked "closed," we conclude that the District Court's September 9, 2006 Order dismissing the complaints of 18 out of 19 plaintiffs in this matter, including the appellant, was "final" for purpose of appealability under 28 U.S.C. § 1291. *See Ellender v. Schweiker,* 781 F.2d 314, 318 (2d Cir.1986) (concluding that judgment was "final" where a district court's rulings manifested an intent to close the case); *see also Vona v. County of Niagara,* 119 F.3d 201, 206 (2d Cir.1997) (noting that a docket was marked "closed" in its consideration of finality absent a final judgment entry on the docket).

ing her assertion that certain documents in plaintiff's personnel file were forgeries. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review the District Court's grant of summary judgment *de novo.*" *Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Regarding plaintiff's age discrimination claim, defendants submitted evidence demonstrating legitimate, non-pretextual reasons supporting plaintiff's termination. This evidence includes written complaints by students and other teachers alleging verbal abuse and corporal punishment by plaintiff from the 1996–97 school year, and an unsatisfactory rating on plaintiff's annual review for that year. Plaintiff offers no evidence of her own, and replies that she did not see these documents until a March 2002 hearing regarding her termination. (Plaintiff did not report to work from 1997 until 2002, and claims not to have received notice of her termination during that period.) Plaintiff concludes that defendant's evidence must have been forged and created "for nefarious purposes." Under these circumstances, the District Court properly concluded that plaintiff's case rests on "speculation and conjecture." *See Kulak v. City of New York,* 88 F.3d 63, 71 (2d Cir.1996) ("Though we must accept as true the allegations of the party defending against the summary judgment motion, drawing all reasonable inferences in his favor, conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." (internal citation omitted)). Plaintiff's inability to respond with evidence suggesting that age was a factor in her discharge is adequate grounds for summary judgment in favor of defendants. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (outlining "burden shifting" in a workplace discrimination claim brought under Title VII of the Civil Rights Act of 1964).

We also agree with the District Court that plaintiff's unsatisfactory rating in her 1996–97 performance review, "without any accompanying evidence of negative consequences," does not demonstrate that plaintiff was discharged in retaliation for her intervening complaint alleging age discrimination. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (requiring that challenged actions be "materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (internal quotation marks omitted)).

For the foregoing reasons and the reasons stated by the District Court in its Order of September 9, 2006, we **AFFIRM.**