13-1972-cv
United States v. Pelt

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges.*
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*


          v.                                        No. 13-1972-cv


RITA A. PELT,
                    *Defendant-Appellant.*
------------------------------------------------------------------------
FOR APPELLANT:            Rita A. Pelt, Esq., *pro se*, Uniondale, New York.

FOR APPELLEE:             Varuni Nelson, Margaret M. Kolbe, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from a partial judgment entered on March 22, 2013, and finalized on April 12, 2013, is DISMISSED.

Defendant Rita A. Pelt, an attorney proceeding pro se, appeals from a partial judgment in favor of the United States on claims that Pelt failed to repay her student loans. We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to dismiss the appeal for lack of jurisdiction.

After the district court entered a final judgment in this case on April 12, 2013, Pelt filed a notice of appeal challenging, inter alia, the March 22, 2013 partial judgment. At the same time, she also filed a Fed. R. Civ. P. 60 motion in the district court to vacate the April 12th judgment. On the United States' motion, we held the appeal in abeyance until the district court resolved that motion. On October 28, 2013, the district court granted Pelt's motion in part and vacated that part of the April 12, 2013 judgment granting default relief, concluding that the United States had failed to follow Local Civ. R. 55.2(b), which requires the non-defaulting party to obtain a Certificate of the Clerk of the Court noting the default. After the United States satisfied the Local Rule, the district court entered a new final judgment in its favor on November 20, 2013, from which Pelt has not filed a notice of

2

appeal. In these circumstances we are obliged to dismiss Pelt's appeal for lack of jurisdiction. See Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 110 (2d Cir. 2001).

Insofar as Pelt appeals from the partial summary judgment entered on March 22, 2013, that is not, by itself, a final judgment over which we may exercise jurisdiction. The Rules of Civil Procedure permit a district court to enter final judgment as to one or more, but fewer than all, claims "only if the court expressly determines that there is no just reason for delay"; without such an express determination, "any order or other decision, however designated . . . does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The partial judgment entered on March 22, 2013, does not mention Rule 54(b) or "expressly determine[] that there is no just reason for delay." Accordingly, that partial judgment was never certified for appeal. See Swede v. Rochester Carpenters Pension Fund, 467 F.3d 216, 219 (2d Cir. 2006).

We have held that, where an appellant files a notice of appeal before final judgment is entered, that "premature notice of appeal may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." Id. at 220 (internal quotation marks omitted); see also Leonhard v. United States, 633 F.2d 599, 611 (2d Cir. 1980) ("In the absence of prejudice to the nonappealing party, this Court . . . has declined to dismiss premature notices of appeal where subsequent actions of the district court have imbued the order appealed from with finality."). But

there is no reason to apply that principle here, where Pelt filed a timely—not a premature—notice of appeal from a judgment that was then vacated. In such circumstances, she was obliged to file a timely notice of appeal from the final judgment entered on November 20, 2013. In the absence of such a notice, we lack jurisdiction to hear the appeal.

The appeal from the partial judgment of March 22, 2013, made final in the April 12, 2013 judgment that was later vacated, is DISMISSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court