*Chris H. v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand eighteen.

PRESENT:
        ROBERT A. KATZMANN,
                *Chief Judge,*
        DENNY CHIN,
                *Circuit Judge,*
        ALISON J. NATHAN,*
                *District Judge.*

_____

CHRIS H.,

                *Plaintiff-Appellant*,

        v.                                                                17-2313

THE STATE OF NEW YORK, THE CITY OF
NEW YORK, COMMISSIONER OF SOCIAL
SERVICES, DEPARTMENT OF SOCIAL
SERVICES, TANDRA L. DAWSON, severally,
jointly in her official and individual capacity as
Judge of Supreme Court, PAUL RYNESKI, ESQ.,
severally, jointly, in his official and individual
capacity as Magistrate of New York Family Court,
TIONNEI CLARKE, ESQ., severally, jointly, in her
official and individual capacity as Magistrate of

_____

* Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

1

New York Family Court, ORLANDIO RIOS, severally, jointly, in his official and individual capacity as New York City Police Officer, Shield #05241,

*Defendants-Appellees*.

FOR PLAINTIFF-APPELLANT: Chris Henry, pro se, New York, New York.

FOR DEFENDANTS-APPELLEES TANDRA L. DAWSON, PAUL RYNESKI, TIONNEI CLARKE, and STATE OF NEW YORK: Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, Mark S. Grube, Assistant Solicitor General, of Counsel, New York, New York.

FOR DEFENDANTS-APPELLEES CITY OF NEW YORK, THE COMMISSIONER OF SOCIAL SERVICES and OFFICER ORLANDO RIOS: Zachary W. Carter, Corporation Counsel of the City of New York, Susan P. Greenberg, Barbara Graves-Poller, of Counsel, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-Appellant Chris Henry, proceeding *pro se*, appeals from the district court's dismissal of his claims. The district court thereafter permitted Henry to file a letter setting out additional allegations. Henry filed such a letter and also appealed from the judgment, after which the district court denied Henry leave to amend "without prejudice to refiling after the appeal is decided." S.D.N.Y. Dkt. No. 97 at 1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We are obligated to consider our jurisdiction, even when not raised by the parties. *Swede v. Rochester Carpenters Pension Fund*, 467 F.3d 216, 219 (2d Cir. 2006). As relevant to this matter, the decision below will be appealable once there has been a "final decision" pursuant to 28 U.S.C. § 1291. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66 (2d Cir. 2011). "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008).

We currently lack jurisdiction to hear the instant appeal because the district court provided Henry with an opportunity to amend his pleadings. "A dismissal with leave to amend is a non-final order and not appealable." *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006). Although "an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend," *id.*, that did not occur here, as Henry sought to avail himself of the opportunity to amend prior to filing his notice of appeal.

Nor did the entry of judgment render the district court's decision final. "Appealability turns on what has been ordered, not on how it has been described." *Spates v. Manson*, 619 F.2d 204, 209 n.3 (2d Cir. 1980). Accordingly, the fact that judgment was entered by the district court prior to the filing of Henry's notice of appeal is not decisive. "When a judgment has been so set forth and docketed, the question remains whether . . . 'the district court intended the judgment to represent the final decision in the case.'" *Ellender v. Schweiker*, 781 F.2d 314, 317 (2d Cir. 1986) (quoting *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 n.6 (1978)). Here, the provision of an opportunity to submit additional allegations reflects that the district court's order was not intended to be the final decision in the case. That conclusion is bolstered by the district court's subsequent

3

order denying Henry leave to amend without prejudice to refiling after this appeal, which similarly anticipated revisiting Henry's pleadings. Because "the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.[1]

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We need not—indeed, we cannot—also remand because Henry's notice of appeal "was premature and did not divest the district court of jurisdiction." *Burger King Corp. v. Horn & Hardart Co.,* 893 F.2d 525, 527 (2d Cir. 1990).