Janki Bai SAHU, Shanti Bai, Munee Bi, Qamar Sultan, Firdaus Bi, Nusrat Jahan, Pappu Singh, Jameela Bi, Meenu Rawat, Bano Bi, Maksood Ahmed, Babu Lal and Kaval Ram, Plaintiffs–Appellants,

v.

UNION CARBIDE CORPORATION and Warren Anderson, Defendants–Appellees.

Docket No. 05–6944–CV.

United States Court of Appeals, Second Circuit.

Argued: Nov. 15, 2006.

Decided: Jan. 17, 2007.

Richard S. Lewis, Cohen, Milstein, Hausfeld & Toll, P.L.L.C. (Matthew K. Handley and Reena Gambhir, on the brief), New York, New York, for Plaintiffs–Appellants.

William A. Krohley, Kelly Drye & Warren, LLP (William C. Heck, on the brief), New York, New York, for Defendants–Appellees.

Richard A. Bieder, Neal A. DeYoung, and Sean K. McElligott, Koskoff, Koskoff & Bieder, P.C., Bridgeport, Connecticut, for Amici Curiae Members of Congress, in support of Plaintiffs–Appellants.

Hari M. Osofsky, University of Oregon School of Law, Eugene, Oregon, for Amici Curiae International Law Professors and other International Law Experts, in support of Plaintiffs–Appellants.

Martin Wagner, EarthJustice, Oakland, California, for Amici Curiae International Law Professors and other International Law Experts, in support of Plaintiffs–Appellants.

Daniel B. Magraw, Jr., The Center for International Environmental Law, Washington, DC, for Amici Curiae International Law Professors and other International Law Experts, in support of Plaintiffs–Appellants.

Before: McLAUGHLIN, SACK, Circuit Judges, and RAKOFF, District Judge.*

PER CURIAM.

Plaintiffs appeal from an order of the United States District Court for the Southern District of New York (Keenan, *J.*), granting partial summary judgment for defendants. *See Sahu v. Union Carbide Corp.*, 418 F.Supp.2d 407 (S.D.N.Y.2005). Because the grant of partial summary judgment was neither a final order under 28 U.S.C. § 1291 nor an appealable interlocutory order under 28 U.S.C. § 1292(a)(1), we dismiss the appeal for lack of appellate jurisdiction.

## BACKGROUND

In November 2004, residents and property owners in Bhopal, India, filed a class action in the United States District Court for the Southern District of New York (Keenan, *J.*) seeking monetary and equitable relief under New York common law. The plaintiffs alleged that a chemical plant in Bhopal, owned and operated by Union Carbide India Limited ("UCIL"), a subsidiary of defendant Union Carbide Corporation ("Union Carbide"), contaminated the soil and groundwater supply by storing hazardous waste on the plant site, thereby injuring the communities' residents.

The plaintiffs sought relief on four theories: (1) that Union Carbide was a direct participant and joint tortfeasor in the activities that resulted in the pollution; (2) that Union Carbide worked in concert with UCIL to cause, exacerbate, and conceal the pollution problem; (3) that UCIL acted as Union Carbide's agent; *and* (4) that UCIL acted as Union Carbide's alter-ego,

* The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

justifying the piercing of UCIL's corporate veil. Plaintiffs requested, *inter alia*, a permanent injunction requiring plant-site and off-site remediation and medical monitoring.

In August 2005, defendants moved for summary judgment on the corporate veil-piercing claim and to dismiss the rest of the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In December 2005, the district court converted the 12(b)(6) motion into a summary judgment motion and granted defendants summary judgment on all claims except the corporate veil-piercing claim. *Sahu*, 418 F.Supp.2d at 416. The district court reserved its decision on the corporate veil-piercing claim and granted plaintiffs additional discovery. *Id.* at 415–16.

The plaintiffs now appeal the grant of partial summary judgment.

After this appeal was heard on November 15, 2006, the district court granted summary judgment for defendants on the remaining corporate veil-piercing claim and entered final judgment. *See Sahu v. Union Carbide Corp.*, No. 04 Civ. 8825(JFK), 2006 WL 3377577, at *1 (S.D.N.Y. Nov.20, 2006).

## DISCUSSION

The plaintiffs argue that this Court has appellate jurisdiction over their injunctive relief claims pursuant to 28 U.S.C. § 1292(a)(1). Based on this alleged appellate jurisdiction, the plaintiffs ask the Court to exercise pendent appellate jurisdiction over their remaining claims. We cannot.

This Court normally has appellate jurisdiction over only final decisions of district courts. 28 U.S.C. § 1291 (2000). This Court, however, can exercise appellate jurisdiction over "[i]nterlocutory orders of the district courts … granting, continu-ing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1) (2000). Nevertheless, "not all denials of injunctive relief are immediately appealable." *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 379, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987).

Section 1292(a)(1) functions only as a "narrowly tailored exception" to the "policy against piecemeal appellate review." *Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 359 (2d Cir.2000) (quoting *Cuomo v. Barr*, 7 F.3d 17, 19 (2d Cir.1993)). When an order does not involve a "denial of a motion specifically addressed to injunctive relief," *Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council*, 839 F.2d 69, 75 (2d Cir.1988), a party must show that the interlocutory order: (1) "might have a serious, perhaps irreparable consequence"; *and* (2) "can be effectively challenged only by immediate appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981)(internal quotation marks omitted); *see also Zervos v. Verizon N.Y., Inc.*, 277 F.3d 635, 644–45 (2d Cir.2002). Indeed, "[w]here the denial of a permanent injunction is the result of a grant of partial summary judgment and there is no final judgment, we lack appellate jurisdiction" unless the party satisfies the two *Carson* requirements. *Huminski*, 221 F.3d at 359 (quoting *Cuomo*, 7 F.3d at 19).

Because the corporate veil-piercing claim remained unresolved, the order appealed from here was not a final order. This is obviously not an order denying a motion specifically addressed to injunctive relief. As for appellate jurisdiction under 28 U.S.C. § 1292(a)(1), plaintiffs may face "serious, perhaps irreparable consequence" because the district court order entirely disposed of their prayer for injunctive relief. *See Volvo N. Am. Corp.*,

839 F.2d at 75–76 (noting that where an order entirely disposes of a party's prayer for injunctive relief, "the irreparable harm which *Carson* [required] ... is present").

 Nonetheless, plaintiffs have failed to show that the denial of the permanent injunctive relief sought here, remediation and medical monitoring, needs immediate review to be effectively challenged. The plaintiffs have not shown that we are "deal[ing] with circumstances of some urgency." *Huminski,* 221 F.3d at 360. Indeed, plaintiffs never: (1) filed for preliminary injunctive relief; (2) requested expedited trial or review proceedings; *or* (3) requested certification pursuant to 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b). *See id.* at 360–61. Finally, there is no allegation that remediation and medical monitoring are necessary immediately, rather than at the end of trial and appeal. In sum, plaintiffs have not shown that all the relief sought will be unavailable if we wait until after the district court proceedings are final before hearing an appeal. *See Cuomo,* 7 F.3d at 19. As a result, we lack appellate jurisdiction to hear plaintiffs' appeal under 28 U.S.C. § 1292(a)(1).

In addition, subsequent entry of final judgment will cure a premature notice of appeal only if: (1) the judgment was entered before the appeal was heard; *and* (2) the appellee suffered no prejudice. *Swede v. Rochester Carpenters Fund,* 467 F.3d 216, 220 (2d Cir.2006) (citation omitted); *Bouboulis v. Transp. Workers Union of Am.,* 442 F.3d 55, 60 (2d Cir.2006) (citation omitted).

Final judgment was not entered by the district court until after we heard the appeal. Thus, the jurisdictional defects of plaintiffs' interlocutory appeal remain uncured. *See Swede,* 467 F.3d at 220.

Finally, since we do not have proper appellate jurisdiction over plaintiffs' injunctive relief claims, we cannot exercise pendent appellate jurisdiction over their remaining claims.

### CONCLUSION

For the foregoing reasons, we dismiss plaintiffs' appeal for lack of appellate jurisdiction.