05-2378-cv
Koehler v. Bank of Bermuda Ltd.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued: February 29, 2008                      Decided: August 20, 2009)

Docket No. 05-2378-cv

_____

LEE N. KOEHLER,

Petitioner-Appellant,

v.

THE BANK OF BERMUDA LIMITED,

Respondent-Appellee.

_____

_____

Before: CABRANES, POOLER, and KATZMANN, Circuit Judges.

_____

Lee N. Koehler appeals from two orders of the United States District Court for the Southern District of New York (Charles S. Haight, Jr., Judge): a March 9, 2005 memorandum opinion and order and an August 10, 2005 memorandum opinion and order, insofar as those orders vacated an October 29, 1993 order for payment or delivery of property of the judgment debtor by The Bank of Bermuda Limited ("BBL"), and denied reconsideration of those issues. In a prior opinion, we certified the following question to the New York Court of Appeals: May a court sitting in New York order a bank over which it has personal jurisdiction to deliver stock certificates owned by a judgment debtor (or cash equal to their value) to a judgment creditor,

1

pursuant to N.Y. C.P.L.R. Article 52, when those stock certificates are located outside New York? The New York Court of Appeals answered the question in the affirmative. We therefore conclude that the district court had the authority to issue the October 29, 1993 turnover order.

VACATED and REMANDED.

_____

BRIAN G. WEST, Towson, MD (Paul F. Newhouse, on the brief) for Petitioner-Appellant,

DANIEL B. RAPPORT, Friedman Kaplan Seiler & Adelman LLP, New York, NY (Robert J. Lack, Vanessa Richards, on the brief) for Respondent-Appellee.

_____

PER CURIAM:

The facts of this case are set forth in detail in our earlier opinion in this case with which we assume the parties' familiarity. See Koehler v. Bank of Bermuda Ltd., 544 F.3d 78, 80-82 (2d Cir. 2008). We recite here only those facts pertinent to this opinion.

On June 4, 1993, the United States District Court for the District of Maryland awarded Lee N. Koehler a default judgment against A. David Dodwell in the amount of $2,096,343. On July 23, 1993, Koehler registered the judgment in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1963. Koehler believed that The Bank of Bermuda Limited ("BBL") was in possession of stock certificates owned by Dodwell. Accordingly, Koehler initiated garnishment proceedings to collect on the default judgment. Koehler filed a petition for a writ of execution against BBL, seeking an order, pursuant to N.Y. C.P.L.R. Article 52, that BBL turn over any stock certificates owned by Dodwell that were in its possession or pay any debt owed to Dodwell, up to the sum of $2,096,343. Id. at 80.

2

On October 29, 1993, the United States District Court for the Southern District of New York (Ward, J.) signed a turnover order requiring BBL to deliver to Koehler any stock certificates owned by Dodwell or to pay to Koehler any debt owed to Dodwell up to the sum of $2,096,343. However, BBL contested the court's personal jurisdiction over it. In October 2003, BBL consented to the personal jurisdiction of the Southern District of New York as of the commencement of these proceedings in 1993. But BBL later informed Koehler and the court that – notwithstanding Judge Ward's earlier turnover order – it had transferred the stock certificates in July 1994, to a Bermudian company that existed for Dodwell's benefit. Id. at 81.

In March 2005, the United States District Court for the Southern District of New York (Haight, J.), denied Koehler's petition for a writ of execution and his request to amend the petition to include additional claims against BBL. The district court ruled that a settlement between Koehler and Dodwell, entered into as part of separate garnishment proceedings in the District of Maryland, extinguished any claims Koehler might have against BBL. The district court also held that it lacked in rem jurisdiction over Dodwell's stock certificates that were always located in Bermuda, and therefore, lacked the authority to order that BBL turn over the certificates. See id. at 82. As we recognized in our earlier opinion, the district court "effectively vacated the October 29, 1993 turnover order." Id.

In our earlier opinion, we determined that the settlement between Koehler and Dodwell in the District of Maryland action reserved Koehler's rights to continue litigation against BBL, and "that the district court erred in ruling that the Maryland settlement extinguished Koehler's action against BBL." Id. at 84. With respect to the district court's finding that it lacked in rem jurisdiction over the stock certificates, we certified the following question to the New York Court

3

of Appeals:

> May a court sitting in New York order a bank over which it has personal
> jurisdiction to deliver stock certificates owned by a judgment debtor (or cash
> equal to their value) to a judgment creditor, pursuant to N.Y. C.P.L.R. Article 52,
> when those stock certificates are located outside New York?

Id. at 88.

On June 4, 2009, the New York Court of Appeals answered the question in the affirmative. Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533, 536 (2009). The Court of Appeals explained that "CPLR article 52 contains no express territorial limitation barring the entry of a turnover order that requires a garnishee to transfer money or property into New York from another state or country." Id. at 539. It further explained that "the key to the reach of the turnover order is personal jurisdiction over a particular defendant," id. at 540, and that in rem jurisdiction over the property is not required if there is personal jurisdiction over the defendant. Id. The Court of Appeals held "that a New York court with personal jurisdiction over a defendant may order him to turn over out-of-state property regardless of whether the defendant is a judgment debtor or a garnishee." Id. at 541.

The Court of Appeals' holding resolves the issue of whether Judge Ward had the authority to require BBL to turn over Dodwell's assets. Because BBL consented to the personal jurisdiction of the Southern District of New York as of the commencement of the proceedings in 1993, Judge Ward had the authority to issue the 1993 turnover order against BBL. In light of the Court of Appeals' holding, the district court's decision to vacate the 1993 turnover order cannot stand.

For the foregoing reasons, the orders of the district court are VACATED and the case is REMANDED for further proceedings consistent with our opinions.

4