**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

Carl H. Loewenson, Receiver, Interested–Party–Appellee,

v.

Richard Jonathan BLECH, Intervenor–Defendant–Appellant,

Credit Bancorp, Ltd., Credit Bancorp, Inc., Thomas Michael Rittweger, Douglas C. Brandon, Intervenors–Defendants,

Certain Underwriters at Lloyds at London, London Market Companies, Gulf Insurance Company, Federal Insurance Company, Intervenors–Defendants–Third–Party–Defendants,

Cole Hatchard Family Limited Partnership, Robert Praegitzer, Vincent J. Bagli, Andrew Calcagno, Regina Calcagno, Richard J. Dupont, Ronald Deyoung, Barbara Deyoung, George G. Luce, Ttees Fbo Luce Schwab & Case Inc. Profit Sharing Plan, James F. Luce, Ttees Fbo Luce Schwab & Case Inc. Profit Sharing Plan, Concetta G. Frato, Frank Mignogna, Tte of Head & Neck Surgical Associates Retirement Trust, Stephen J. Cole–Hatchard, Nicko Feinberg, Michael Olbermann, Thomas Stappas, Stephenson Equity Co, Dr. Gene W. Ray, Kurt G. Richter, Stephen J. Robbins, Leonard Zera, Lorraine Jankowski, Steven Allen, Trustee for Lathrop Investment Trust and Harrington Irrevocable Trust, Harrington Group Irrevocable Trust, United States of America, Centigram Communications Corporation, John Dillon, Intervenors–Plaintiffs,

Credit Suisse First Boston Corp., formerly known as Credit Suisse First Boston LLC, Swiss American Securities, Inc., Ing Baring Private Bank Ltd., Brown Brothers Harriman & Co., Third–Party–Defendants.[1]

No. 09–5139–cv.

United States Court of Appeals, Second Circuit.

Feb. 9, 2012.

---

1. The Clerk of the Court is respectfully requested to amend the caption as indicated above.

Richard Jonathan Blech, pro se, Monnetier–Mornex, France, for Appellant.

Mark D. Cahn, Michael A. Conley, Jacob H. Stillman, Mark Pennington & Benjamin L. Schiffrin, Securities and Exchange Commission, Washington, D.C., for Appellee.

James M. Bergin, Morrison & Foerster, LLP, New York, N.Y., for Interested–Party–Appellee.

Present: WALKER, PIERRE N. LEVAL, ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Richard Jonathan Blech, *pro se,* appeals from an order of the district court finding Blech to be in contempt. We assume the parties' familiarity with the underlying facts of the case, the procedural history, and the issues on appeal.

■ As a preliminary matter, we find that we have jurisdiction to review the contempt order. The district court en-

tered a judgment against Blech in March 2011 pursuant to Federal Rule of Civil Procedure 54(b). That judgment is final within the meaning of 28 U.S.C. § 1291 and thus we have jurisdiction to review the contempt order. *See Roe v. City of Waterbury,* 542 F.3d 31, 35 (2d Cir.2008); *Ginett v. Computer Task Grp., Inc.,* 962 F.2d 1085, 1091 (2d Cir.1992). And while Blech filed his appeal from the contempt order before the Rule 54(b) judgment was entered against him, "subsequent entry of final judgment will cure a premature notice of appeal only if: (1) the judgment was entered before the appeal was heard; and (2) the appellee suffered no prejudice." *Sahu v. Union Carbide Corp.,* 475 F.3d 465, 468 (2d Cir.2007) (per curiam). Here, the judgment was entered in March 2011, well before this appeal was submitted in January 2012. Furthermore, no prejudice is apparent to the appellees, given that they have briefed the merits of the appeal.

"We review a finding of contempt under an abuse of discretion standard that is more rigorous than usual, and we conduct a *de novo* review of any rulings of law made by the district court." *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 145 (2d Cir.2010) (internal quotation marks omitted).

A court may hold a party in contempt only if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir.1995).

■ We affirm the order of the district court for substantially the same reasons stated in its opinion. We note only that "[i]t is beyond question that a federal court may enjoin a party before it from pursuing litigation in a foreign forum." *Paramedics Electromedicina Comercial, Ltda. v. GE*

*Medical Sys. Info. Techs., Inc.,* 369 F.3d 645, 652 (2d Cir.2004). And while "principles of comity counsel that injunctions restraining foreign litigation be 'used sparingly' and 'granted only with care and great restraint,'" *id.* (quoting *China Trade & Dev. Corp. v. M.V. Choong Yong,* 837 F.2d 33, 36 (2d Cir.1987)), the circumstances of this case justify the imposition of the such an injunction.

We have considered all of Blech's arguments and find them to be unpersuasive.

Accordingly, the order of the district court is AFFIRMED.