09-5139-cv
SEC v. Credit Bancorp, Ltd.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

Present:     JOHN M. WALKER, JR.,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

───────────────────────────────────────────────────────

SECURITIES AND EXCHANGE COMMISSION,

                  *Plaintiff-Appellee*,

CARL H. LOEWENSON, RECEIVER,

                  *Interested-Party-Appellee*,

              v.                                    09-5139-cv

RICHARD JONATHAN BLECH,

                  *Intervenor-Defendant-
                  Appellant*,

CREDIT BANCORP, LTD., CREDIT BANCORP, INC., THOMAS MICHAEL RITTWEGER, DOUGLAS C. BRANDON,

                  *Intervenors-Defendants*,

CERTAIN UNDERWRITERS AT LLOYDS AT LONDON, LONDON
MARKET COMPANIES, GULF INSURANCE COMPANY,
FEDERAL INSURANCE COMPANY,

*Intervenors-Defendants-*
*Third-Party-Defendants*,

COLE HATCHARD FAMILY LIMITED PARTNERSHIP, ROBERT
PRAEGITZER, VINCENT J. BAGLI, ANDREW CALCAGNO,
REGINA CALCAGNO, RICHARD J. DUPONT, RONALD
DEYOUNG, BARBARA DEYOUNG, GEORGE G. LUCE, TTEES
FBO LUCE SCHWAB & CASE INC. PROFIT SHARING PLAN,
JAMES F. LUCE, TTEES FBO LUCE SCHWAB & CASE INC.
PROFIT SHARING PLAN, CONCETTA G. FRATO, FRANK
MIGNOGNA, TTE OF HEAD & NECK SURGICAL ASSOCIATES
RETIREMENT TRUST, STEPHEN J. COLE-HATCHARD, NICKO
FEINBERG, MICHAEL OLBERMANN, THOMAS STAPPAS,
STEPHENSON EQUITY CO, DR. GENE W. RAY, KURT G.
RICHTER, STEPHEN J. ROBBINS, LEONARD ZERA, LORRAINE
JANKOWSKI, STEVEN ALLEN, TRUSTEE FOR LATHROP
INVESTMENT TRUST AND HARRINGTON IRREVOCABLE
TRUST, HARRINGTON GROUP IRREVOCABLE TRUST, UNITED
STATES OF AMERICA, CENTIGRAM COMMUNICATIONS
CORPORATION, JOHN DILLON,

*Intervenors-Plaintiffs*,

CREDIT SUISSE FIRST BOSTON CORP., FORMERLY KNOWN AS
CREDIT SUISSE FIRST BOSTON LLC, SWISS AMERICAN
SECURITIES, INC., ING BARING PRIVATE BANK LTD., BROWN
BROTHERS HARRIMAN & CO.,

*Third-Party-Defendants*.[1]

---

| For Appellant: | Richard Jonathan Blech, *pro se*, Monnetier-Mornex, France. |
|---|---|
| For Appellee: | Mark D. Cahn, Michael A. Conley, Jacob H. Stillman, Mark Pennington & Benjamin L. Schiffrin, Securities and Exchange Commission, Washington, D.C. |

---

[1] The Clerk of the Court is respectfully requested to amend the caption as indicated above.

2

For Interested-Party-Appellee:       James M. Bergin, Morrison & Foerster, LLP, New York, N.Y.

Appeal from an order of the United States District Court for the Southern District of New York (Sweet, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Richard Jonathan Blech, *pro se*, appeals from an order of the district court finding Blech to be in contempt. We assume the parties' familiarity with the underlying facts of the case, the procedural history, and the issues on appeal.

As a preliminary matter, we find that we have jurisdiction to review the contempt order. The district court entered a judgment against Blech in March 2011 pursuant to Federal Rule of Civil Procedure 54(b). That judgment is final within the meaning of 28 U.S.C. § 1291 and thus we have jurisdiction to review the contempt order. *See Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). And while Blech filed his appeal from the contempt order before the Rule 54(b) judgment was entered against him, "subsequent entry of final judgment will cure a premature notice of appeal only if: (1) the judgment was entered before the appeal was heard; and (2) the appellee suffered no prejudice." *Sahu v. Union Carbide Corp.*, 475 F.3d 465, 468 (2d Cir. 2007) (per curiam). Here, the judgment was entered in March 2011, well before this appeal was submitted in January 2012. Furthermore, no prejudice is apparent to the appellees, given that they have briefed the merits of the appeal.

"We review a finding of contempt under an abuse of discretion standard that is more rigorous than usual, and we conduct a *de novo* review of any rulings of law made by the district court." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation marks omitted).

A court may hold a party in contempt only if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

We affirm the order of the district court for substantially the same reasons stated in its opinion. We note only that "[i]t is beyond question that a federal court may enjoin a party before it from pursuing litigation in a foreign forum." *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Sys. Info. Techs., Inc.*, 369 F.3d 645, 652 (2d Cir. 2004). And while "principles of comity counsel that injunctions restraining foreign litigation be 'used sparingly' and 'granted only with care and great restraint,'" *id.* (quoting *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir. 1987)), the circumstances of this case justify the imposition of the such an injunction.

We have considered all of Blech's arguments and find them to be unpersuasive.

Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk