15-1147 (L)
Vera v. The Republic of Cuba

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand sixteen.

PRESENT:
>            ROSEMARY S. POOLER,
>            BARRINGTON D. PARKER,
>            DEBRA ANN LIVINGSTON,
>                        *Circuit Judges.*

_____

ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,
>            *Plaintiff-Appellee*,

and

JEANNETTE FULLER HAUSLER, as Successor Personal Representative of the Estate of Robert Otis Fuller; GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo; ALFREDO VILLOLDO,
>            *Petitioners-Appellees*,

>            -v.-

>                                            Nos. 15-1147 (L), 15-1796 (CON)

THE REPUBLIC OF CUBA,
>            *Defendant*,

and

BANCO BILBAO VIZCAYA ARGENTARIA, S.A.,
>            *Respondent-Appellant.*[1]

_____

[1] The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                                   KENNETH A. CARUSO, Kelly A. Bonner & Harold W. Williford, White & Case LLP, New York, New York.

FOR PLAINTIFF-APPELLEE:          ROBERT A. SWIFT, Kohn, Swift & Graf, P.C., Philadelphia, Pennsylvania; Jeffrey E. Glen, Anderson Kill P.C., New York, New York.

FOR PETITIONER-APPELLEE JEANNETTE FULLER HAUSLER:       JAMES W. PERKINS & David Baron, Greenberg Traurig, LLP, New York, New York; Robert Martinez, Esq. & Ronald W. Kleinman, Esq., Coral Gables, Florida.

FOR PETITIONERS-APPELLEES Hall, GUSTAVO VILLOLDO & ALFREDO VILLOLDO:      ROARKE MAXWELL & Andrew C. Hall, Lamb & Hall, P.A., Miami, Florida; Edward H. Rosenthal & Beth I. Goldman, Frankfurt Kurnit Klein & Selz, P.C., New York, New York.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the appeals are DISMISSED for lack of appellate jurisdiction.

In this turnover proceeding brought pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602–1611 ("FSIA"), and Federal Rule of Civil Procedure 69(a) to enforce the Petitioners' judgments against the Republic of Cuba, third-party defendant Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA") appeals from March 17 and May 8, 2015 orders of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*). The district court directed BBVA to turn over funds held in an account at its New York branch that were originated in an electronic funds transfer by an agency of the Cuban government, and denied BBVA's motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Because the orders are not final under 28 U.S.C. § 1291 and are not appealable interlocutory orders under the collateral order doctrine or § 1292(a)(1), the appeals are dismissed for lack of jurisdiction.

Our appellate jurisdiction is generally limited to "final decisions" of the district court. 28 U.S.C. § 1291. The final judgment in Rule 69(a) proceedings is the "judgment that concludes the collection proceedings." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 205 (2d Cir. 2012). BBVA concedes that the district court's orders do not conclude the collection proceedings and are therefore not "final" under § 1291, but contends that they are nonetheless appealable under the collateral order doctrine.

An order is collateral if it (i) "conclusively determines the disputed question," (ii) "resolve[s] an important issue completely separate from the merits of the action," and (iii) would "be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006). BBVA argues that the district court's orders are collateral because they conclusively determine the issue of whether the Petitioners' judgments are void for lack of subject matter jurisdiction, that issue is separate from the merits issue of "collection of assets," and the orders would be effectively unreviewable on appeal from a final judgment because they involve a denial of Cuba's immunity from suit. Appellant's Br. at 1–2.

In the context of the FSIA, however, we have repeatedly distinguished between claims of immunity from suit, denials of which are appealable collateral orders, and claims of immunity from attachment, denials of which are not appealable. *Blue Ridge Investments, L.L.C. v. Republic of Argentina*, 735 F.3d 72, 80 (2d Cir. 2013) (citing *Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 240 (2d Cir. 2006)). That distinction exists because immunity from suit is effectively lost if a party is wrongfully required to endure the burdens of litigation, while an order denying immunity from attachment is akin to an order requiring the posting of security, which will "generally cause no irreparable loss in that parties posting security will be repaid with interest if they prevail."

*Caribbean Trading & Fid. Corp. v. Nigeria Nat'l Petroleum Corp.*, 948 F.2d 111, 114 (2d Cir. 1991); *see also Kensington*, 461 F.3d at 241–42 (holding that order requiring foreign sovereign to post security, which is "indistinguishable from an order of attachment," was not immediately appealable and could be considered only on petition for a writ of mandamus). Here, because the district court's orders require BBVA to turn over funds held on behalf of a Cuban agency or instrumentality, they involve the denial of immunity from attachment, rather than suit, and are not collateral.

Attempting to avoid this well-settled rule, BBVA urges that "even if there were some bar to collateral-order appeal where the case involves immunity from execution, such bar would not apply here" because the "real issue" is "immunity from suit." Appellant's Reply Br. at 7. The only reason that Cuba has immunity from execution, BBVA contends, is because the judgments are void, and the only reason that the judgments are void is because Cuba has immunity from suit; consequently, this case "involve[s] a threshold determination of FSIA immunity from suit." *Id.* (alteration in original) (quoting *Blue Ridge*, 735 F.3d at 80). We disagree. Although the district court's orders implicate Cuba's immunity from suit, that is the case with every order of attachment in the FSIA context because a court is always required to confirm that it has subject matter jurisdiction. *See Walters v. Indus. & Comm. Bank of China, Ltd.*, 651 F.3d 280, 286–87 (2d Cir. 2011). BBVA's position would collapse the distinction between orders denying immunity from suit and those denying immunity from attachment.

The district court's orders also are not collateral because they did not "conclusively determine" the question of Cuba's immunity from suit. That issue was instead resolved by the district court's August 22 and September 9, 2014 orders, which denied BBVA's motion to dismiss

for lack of subject matter jurisdiction and denied reconsideration. To be sure, in its March 17, 2015 opinion and order and accompanying turnover order, the district court reiterated that it had subject matter jurisdiction. Special App'x at 38, 46. Neither order, however, broke new ground as far as jurisdiction is concerned. The reiteration of a prior determination (made in the August 22 and September 9, 2014 orders) that was immediately appealable does not render the March 17 order collateral. *See Lora v. O'Heaney*, 602 F.3d 106, 111–12 (2d Cir. 2010) (holding that order denying reconsideration of denial of qualified immunity was not immediately appealable because the earlier order had "conclusively determined" the qualified immunity question). Had BBVA wished to appeal the denial of immunity from suit, it could have appealed one or both of the August 22 and September 9, 2014 orders.

As an alternative, BBVA asserts that we have jurisdiction under 28 U.S.C. § 1292(a)(1), which provides that "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . granting . . . injunctions." BBVA relies upon the following provision in the turnover order:

> Each and every party to this proceeding is hereby and shall be restrained and enjoined from instituting or prosecuting any claim or action against the Garnishee Banks in any jurisdiction arising from or relating to any claim or action against the Garnishee Banks in any jurisdiction arising from or relating to any claim to the Noticed Phase I Account at BBVA which BBVA turns over to the U.S. Marshal in compliance with this Order.

Special App'x at 49. However, § 1292(a)(1) functions only as a narrowly tailored exception to the policy against piecemeal appellate review. Accordingly, in the absence of a motion specifically seeking injunctive relief, BBVA must show that the order "(1) might have a serious, perhaps irreparable consequence; and (2) can be effectually challenged only by immediate appeal."

*Bridgeport Guardians, Inc. v. Delmonte*, 537 F.3d 214, 220 (2d Cir. 2008). Here, the turnover order granted injunctive relief to BBVA but did so in response to the Petitioners' motion *specifically* seeking a turnover of funds, and we have recognized that an order providing for attachment or turnover does not constitute injunctive relief unless the adversely affected party is required to bring the property in from out-of-state. *See, e.g.*, *In re Feit & Drexler, Inc.*, 760 F.2d 406, 411–12 (2d Cir. 1985) (distinguishing order requiring surrender for attachment of property already in state, which is not appealable under § 1292(a)(1), from order requiring party to bring property in from out-of-state, which is); *Koehler v. Bank of Bermuda, Ltd.*, 544 F.3d 78, 82 (2d Cir. 2008) (turnover order was immediately appealable injunction because it required property to be brought into the state (citing *In re Feit*, 760 F.2d at 412)). Indeed, were the rule otherwise, every turnover order in this sprawling action involving nineteen financial institutions and thousands of accounts would be subject to immediate appeal.

Because the court's order was made in response to the Petitioners' request for a turnover and does not require BBVA to bring funds into New York, BBVA must show that the order might have a serious, irreparable consequence and can be effectively challenged only by immediate appeal. We do not believe that BBVA has made such a showing for the same reason that orders denying immunity from attachment are not immediately appealable under the collateral order doctrine: the mere loss of funds pending final judgment can be remedied on appeal through recovery of the funds with interest. Nor does the mere possibility that BBVA could be held liable on the discharged debt in a foreign court demonstrate that we are "dealing with circumstances of some urgency." *Sahu v. Union Carbide Corp.*, 475 F.3d 465, 468 (2d Cir. 2007) (alterations adopted) (quoting *Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 360 (2d Cir. 2000) (per curiam)).

We have considered BBVA's remaining arguments and find them to be without merit.

Accordingly, we DISMISS the appeals for lack of appellate jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court