*Kasiotis v. New York Black Car Operators' Injury Compensation Fund, Inc.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

JOSEPH KASIOTIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED NEW YORK CONSUMERS,

> *Plaintiff-Appellee,*

v.                                                                          No. 20-3955

NEW YORK BLACK CAR OPERATORS' INJURY COMPENSATION FUND, INC.,

> *Defendant-Appellant.*\*

_____

---

\* The Clerk of Court is directed to amend the case caption to conform to the above.

FOR APPELLANT: RICHARD H. DOLAN (Bradley J. Nash, Seth D. Allen, *on the brief*), Schlam Stone & Dolan LLP, New York, NY.

FOR APPELLEE: JEFFREY I. CARTON (Amber T. Wallace, *on the brief*), Denlea & Carton LLP, White Plains, NY.

Appeal from the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Defendant-Appellant New York Black Car Operators' Injury Compensation Fund, Inc. ("the Fund") appeals from the district court's order granting Plaintiff-Appellee Joseph Kasiotis's motion for summary judgment and denying the Fund's motion for summary judgment. In that order, the district court determined that the Fund was liable for unjust enrichment to a class of black car service customers for imposing a surcharge on non-cash tips that was not authorized by section 160-jj(2) of New York Executive Law Article 6-F. The district court has not yet determined the membership of the class or the amount of restitution that it will direct the Fund to pay to Kasiotis and the other class members.

Neither party has questioned the Court's jurisdiction over the instant appeal, but we are obligated to satisfy ourselves of our own jurisdiction. *See Henrietta D. v. Giuliani*, 246 F.3d 176, 179 (2d Cir. 2001). Following oral argument, we therefore sought additional briefing from the parties regarding the purported basis for appellate jurisdiction. Upon review, we conclude that we lack jurisdiction. Accordingly, we dismiss the appeal. In the following discussion explaining our ruling, we presume the parties' familiarity with the factual background of the case and its procedural posture in the district court.

This Court has jurisdiction over "final decisions" of district courts. 28 U.S.C. § 1291. "Generally, a final order is an order of the district court that ends the litigation on the merits

and leaves nothing for the court to do but execute the judgment."[1] *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005). A finding of liability is ordinarily not treated as a final decision for purposes of section 1291 when questions of remedy remain unresolved. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996).

The parties contend that the district court has in fact rendered a "final decision" amenable to review on appeal under section 1291. All that remains to be done, they argue, is the "ministerial task" of calculating restitution owed to the class, using available records from black car dispatch bases. Dkt. 72 at 5; Dkt. 73 at 1.

We are not persuaded. In *Transaero*, we recognized that "a final decision may be entered if only ministerial proceedings remain," but we also observed that "this is a narrow exception reserved for the case where an award can be executed after a simple arithmetic calculation or where there remains only some other mechanical task to be performed." 99 F.3d at 541. The calculation of restitution owed as a result of the district court's order here will involve numerous dispatch bases and thousands of class members, covering payments made over five years. The merits briefing on appeal revealed disputes and differences regarding the dispatch bases' imposition of the surcharge that will affect a final damages award. *See* Appellee's Br. at 46–47 (arguing that Uber's calculation of the surcharge amount was inconsistent and confusing); Appellant's Br. at 12 n.6 (explaining that Lyft and Via did not collect the surcharge directly from customers). The undeniable possibility—indeed, the likelihood—of disputes "involv[ing] questions of law that might well require rulings by the district court, which in turn could become the subject of a future appeal," *Arp Films, Inc. v. Marvel Ent. Grp., Inc.*, 905 F.2d 687, 689 (2d Cir. 1990), makes clear that tasks not merely "ministerial" remain before the district court can execute a final judgment in this case. We therefore do not have jurisdiction under 28 U.S.C. § 1291.

As an alternative basis for exercising jurisdiction, the parties also point us to section 1292(a)(1), which gives the Court jurisdiction over appeals from interlocutory orders

---

[1] Unless otherwise indicated, in quoting cases, this Order omits all internal quotation marks, alterations, emphases, footnotes, and citations.

"granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). They argue that this language applies here, asserting that the district court's summary judgment ruling effectively included a permanent injunction against the Fund.

We have explained that, for purposes of evaluating jurisdiction under section 1292(a)(1), "[w]e must look to the substance of the district court's order, not just its form," to determine whether a district court's order is effectively an order granting an injunction. *Etuk v Slattery*, 936 F.2d 1433, 1440 (2d Cir. 1991). But here, Kasiotis withdrew his claim for a permanent injunction upon the parties' stipulation, and the district court stated that it did not intend to rule on the injunction request. *Cf. Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–46 (1976) (finding no basis for jurisdiction over interlocutory appeal where district court found defendant liable but withheld issuance of an injunction). That the district court so-ordered the parties' stipulated agreement that the Fund would cease and desist from imposing the surcharge on non-cash tips should the court find in Kasiotis's favor does not change the analysis, because the court's order—only a minute entry on the docket—did not contain any of the standard indicia of an injunction. *See Petrello v. White*, 533 F.3d 110, 114–16 (2d Cir. 2008) (finding that order was not injunctive in nature due to the lack of specificity of its directives and complete failure to conform to Federal Rule of Civil Procedure 65(d)(1)'s requirements).

Additionally, we have suggested that jurisdiction under section 1292(a)(1) may obtain where the district court enters a directive that has the "practical effect" of an injunction. *Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 224 (2d Cir. 2010) (citing *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981)). To avail itself of this possibility, however, the appellant must "show that an interlocutory order of the district court might have a serious, perhaps irreparable consequence, and that the order can be effectively challenged only by an immediate appeal." *Carson*, 450 U.S. at 84; *see also Sahu v. Union Carbide Corp.*, 475 F.3d 465, 467 (2d Cir. 2007); *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 (2d Cir. 1995). No such showing has been made here. The parties have identified no basis for concluding that the

4

Fund will be prevented in some way from effectively challenging the summary judgment order in an appeal taken after a final judgment has been entered.

We recognize that these jurisdictional defects resulted, in part, from the parties' laudable efforts to resolve their disagreement regarding Kasiotis's permanent injunction claim without unnecessary court intervention. But the appropriate course would have been for the parties to request that the district court enter an order certifying its summary judgment decision for a discretionary interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and then to petition this court to accept the certification. We have no discretion to exercise jurisdiction over an interlocutory appeal where the necessary prerequisites have not been satisfied.[2]

For the foregoing reasons, the appeal is **DISMISSED** for lack of jurisdiction. For reasons of judicial efficiency, any further appeal in this case shall be referred to this panel.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] It appears from the district court's docket that in December 2021, after the oral argument in this appeal, the Fund filed a motion for a certificate of appealability pursuant to 28 U.S.C. § 1292(b), which the district court denied.