*Vann v. City of Rochester*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-five.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*
> _____

DAVID VANN,

> *Plaintiff-Appellee,*

> v.                                                                        No. 24-3186

CITY OF ROCHESTER, a municipal entity, POLICE OFFICER MATTHEW DRAKE, IBM #1956, POLICE OFFICER STEVEN MITCHELL, IBM #2134,

*Defendants-Appellants.*

INVESTIGATOR JEFFREY KESTER, IBM #2230, POLICE OFFICER CHRISTOPHER J. BARBER, IBM #1949, POLICE OFFICER DAVID E. KEPHART, IBM #2074, INVESTIGATOR TOMESHA ANGELO, IBM #1665, TECHNICIAN STEPHANIE MINTZ, IBM #2496, SERGEANT DANIEL J. ZIMMERMAN, IBM #295, POLICE OFFICERS "JOHN DOES 1-6" (whose names are currently unknown, but who are described in the complaint and in pictures attached to the complaint as exhibits), POLICE OFFICERS "JOHN DOES 7-12" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department, SERGEANT JEFFREY LAFAVE II, IBM #1634, POLICE OFFICER ADAM BRODSKY, IBM #2478, POLICE OFFICER TIMOTHY DEMPSEY, IBM #2122, INVESTIGATOR CHRISTOPHER MUSCATO, IBM #1331, CAPTAIN GARY MOXLEY, POLICE OFFICER ANGEL PAGAN, IBM #2421, POLICE OFFICER ERIC MCGRAW, IBM #2131, SERGEANT JOSEPH LAIOSA, IBM #1180, COUNTY OF MONROE, SANDRA DOORLEY, individually and as District Attorney of the County of Monroe, MICHAEL HARRIGAN, as an employee of the Monroe County District Attorney's Office and individually, POLICE OFFICERS "JOHN DOES 1-10" (whose names are currently unknown), and other unidentified members of the Rochester Police Department,

*Defendants.*[*]

_____

| | |
|---|---|
| **For Defendants-Appellants:** | JOHN M. CAMPOLIETO, Office of the Corporation Counsel, City of Rochester, Rochester, NY. |
| **For Plaintiff-Appellee:** | GRACE WALLACK (Paul W. Hughes, Andrew A. Lyons-Berg, Charles Seidell, *on the brief*), McDermott Will & Emery LLP, Washington, D.C.; Elliot Dolby Shields, Roth & Roth LLP, New York, NY. |

Appeal from an order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

The City of Rochester and two of its police officers, Matthew Drake and Steven Mitchell (together, "Appellants"), appeal from the district court's partial grant of summary judgment to Plaintiff David Vann on his claims that the officers used excessive force in violation of the Fourth Amendment when arresting him in September 2015. On appeal, Appellants contend that the district court failed to (1) address the officers' qualified-immunity defense, and (2) apply the proper standard in evaluating Vann's excessive-force claims pursuant to the Supreme

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Court's decision in *Graham v. Connor*, 490 U.S. 386 (1989). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

Under 28 U.S.C. § 1291, this Court "has appellate jurisdiction over only final decisions of district courts," *Sahu v. Union Carbide Corp.*, 475 F.3d 465, 467 (2d Cir. 2007), which "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment," *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978) (internal quotation marks omitted). An order "denying summary judgment or granting partial summary judgment cannot by itself form the basis of an appeal because it is nonfinal." *LaTrieste Rest. & Cabaret, Inc. v. Village of Port Chester*, 96 F.3d 598, 599 (2d Cir. 1996).

That is the case here. The district court's order did not resolve all of Vann's excessive-force claims against Drake and Mitchell, let alone the claims against the other Defendants in this case. For example, the court concluded that Mitchell used excessive force on four discrete occasions, but found that "genuine issues of material fact exist[ed] with respect to [Vann's] claims that Mitchell otherwise used excessive force." App'x at 718; *see also id.* at 719 (determining that resolution "of

4

[Vann's] excessive force claim against [Defendant Officer Jeffrey] Kester is properly left for the trier of fact.").

Appellants also failed to take steps to make the district court's order an appealable judgment. To begin, they did not move for entry of final judgment under Federal Rule of Civil Procedure 54(b), which permits a district court to "direct entry of a final judgment as to one or more . . . claims or parties" if "there is no just reason for delay." Fed. R. Civ. P. 54(b). Absent such a judgment, "any order" that resolves "*fewer than all* the claims or the rights and liabilities of fewer than all the parties does not end the action as to *any* of the claims or parties." *Id.* (emphases added). Nor did Appellants request or receive certification under 28 U.S.C. § 1292(b), which allows appeals to be taken on certain "not otherwise appealable" orders that involve "controlling question[s] of law." In short, because the excessive-force claims against Drake and Mitchell – as well as Vann's claims against the other Defendants – still need to be resolved, section 1291 does not grant us jurisdiction over this appeal. *See Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008) ("A final judgment or order is one that conclusively determines *all* pending claims of *all* the parties to the litigation, leaving nothing for the court to do but execute its decision." (emphases added)).

To be sure, the collateral-order doctrine permits a party to appeal certain nonfinal orders if they "[1] conclusively determine the disputed question, [2] resolve an important issue completely separable from the merits of the action, and [3] [would] be effectively unreviewable on appeal from a final judgment." *Locurto v. Safir*, 264 F.3d 154, 162 (2d Cir. 2001) (first and second alterations rejected and internal quotation marks omitted). Under this "limited exception," *Grune v. Rodriguez*, 176 F.3d 27, 32 (2d Cir. 1999) (internal quotation marks omitted), we may review an order denying a claim of officer immunity "to the extent that [the appeal] turns on an issue of law," *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020) (internal quotation marks omitted); *see also Johnson v. Jones*, 515 U.S. 304, 309 (1995) (underscoring that "interlocutory appeals – appeals before the end of district court proceedings – are the exception, not the rule"). But our caselaw is clear that we "lack jurisdiction over interlocutory appeals" where "resolution of the immunity defense depends upon disputed factual issues." *Jok v. City of Burlington*, 96 F.4th 291, 295 (2d Cir. 2024) (internal quotation marks omitted). Thus, if a "district court denies qualified immunity because of a dispute over material facts," an appellant may invoke appellate jurisdiction on an interlocutory basis only by "establish[ing] one of the following: (1) that the parties have agreed

to stipulated facts, (2) that the appellant has agreed to facts that the plaintiff alleges are true, or (3) that the appellant has agreed to facts favorable to the plaintiff that the trial judge concluded the jury might find." *Id.* (internal quotation marks omitted).

Appellants have made none of those showings. Rather than accepting Vann's version of the facts or agreeing to stipulated facts, Appellants insist that disputed material facts preclude summary judgment, contest the district court's account of the circumstances surrounding Vann's arrest, and contend that the "interactions between the Officers and [Vann] should be" decided "by a potential jury at trial." City Br. at 16; *see also id.* at 4, 10–12, 22. To take one example, in defending Mitchell's decision to use a "distractionary jab" – that is, to punch Vann – Appellants characterize Vann as "a threat to the officers" and as "reaching for his waistband." *Id.* at 14. But the district court explained that the "incontrovertible surveillance video" demonstrated that Vann was "neither actively resisting" nor "reaching for his waistband" when Mitchell punched him. App'x at 714 (internal quotation marks omitted); *see also* Dist. Ct. Doc. No. 134-6, Ex. 8 at 6:47–6:55; *Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (instructing courts to

7

view "the facts in the light depicted by the videotape" when one party's "version of events is so utterly discredited by the record").

In sum, Appellants' "arguments on appeal depend entirely on [their] version[] of contested facts," and they do "not accept, even for the limited purposes of pursuing this appeal, [Vann's] version of the facts, or any set of stipulated facts." *Jok*, 96 F.4th at 297–98 (internal quotation marks omitted). And because they do not present "issue[s] of law," *id.* at 295 (emphasis and internal quotation marks omitted), or seek to vindicate a "claim of right not to stand trial on [Vann's] allegations," *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985) (emphasis omitted), the district court's grant of partial summary judgment to Vann is not an appealable collateral order. We therefore lack jurisdiction to consider it. *See In re State Police Litig.*, 88 F.3d 111, 124–25 (2d Cir. 1996).

*     *     *

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal for lack of jurisdiction.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we dismiss the entire appeal for lack of jurisdiction, we do not address the City's standing to participate.